IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN TASCO<br>956 Meetinghouse Road<br>Rydal, PA 19046 | : | Civil Action |
| Plaintiff, | : | No. _____ |
| v. | : | |
| INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS, LOCAL #98<br>1701 Spring Garden Street<br>Philadelphia, PA 19130 | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

The Plaintiff, Robin Tasco, by and through her undersigned counsel, files this Civil Action Complaint, and hereby avers as follows:

### I.       Introduction

1.    The Plaintiff initiates this action to seek redress against the Defendant, her former employer, for unlawful gender and race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. 198, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, ("PHRA") and other applicable law.

### II.      The Parties

2.    The Plaintiff is an adult individual currently residing at the above address.

3.    The Defendant is an unincorporated labor organization with a principal place of business at the above address.

4.    At all times relevant hereto, the Defendant acted by and through its agents, servants, and employees, each of whom was acting within the scope of his or her job duties.

5. The Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. The Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four or more employees).

### III. Jurisdiction and Venue

7. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

8. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein

occurred in this judicial district (the Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## IV. Administrative Remedies

12. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

13. The Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the PHRA as follows:

    a. On or about April 13, 2009, the Plaintiff filed a timely written charge of discrimination (No. 530-2009-02396) against the Defendant with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC");

    b. The Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission;

    c. The EEOC issued a Notice of Right to Sue on the foregoing charge on or about June 2, 2010;

    d. The instant action is timely because it is initiated within 90 days of the receipt of the aforementioned Notice.

14. The Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## V. Factual Background

15. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. The Plaintiff is an African-American female.

17. The Plaintiff was employed by the Defendant, as a business agent, from February 2001 until March 2009.

18. The Plaintiff's son, Frank Clark, was also employed by the Defendant.

19. Mr. Clark applied for an apprenticeship program and was turned down for the program for allegedly failing the exam.

20. The Defendant refused to give any details of Mr. Clark's scores and he was terminated shortly thereafter.

21. As a result of his firing, Mr. Clark filed an EEOC complaint for race discrimination in or about July of 2008.

22. This complaint was sent to the Defendant's Business Manager, John Dougherty, for a response and review.

23. When Mr. Dougherty received the complaint, he indicated to the Plaintiff that he would retaliate against anyone and everyone who "does this to me" (meaning file a complaint) and stated that he could not "have them on my team."

24. As a direct consequence of the Plaintiff's son's complaint, the Plaintiff was improperly "laid off" from her employment as a business agent.

25. The Defendant's proffered reason for this layoff was that there was allegedly a downturn in work.

26. The Plaintiff was the only business agent singled out for the so-called "layoff."

27. The Plaintiff was subjected to retaliation in that her employment was terminated as a consequence of the filing of her son's EEOC complaint, as well as the Plaintiff's obvious association with her son.

28. The Plaintiff was subjected to discrimination on the basis of her race and her gender, in that the Defendant did not terminate non-African-American males in this manner.

29. The Plaintiff was terminated pretextually when in reality, her termination was a consequence of her race and gender and the filing of her son's EEOC complaint.

## Count I
### Title VII – Racial/Gender Discrimination

30. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

31. The foregoing actions by the Defendant constitute unlawful discrimination against the Plaintiff on the basis of her race (African-American) and gender (female).

32. In acting as aforesaid, the Defendant subjected the Plaintiff to disparate treatment on the basis of her race (African-American) and gender (female).

33. In acting as aforesaid, the Defendant subjected the Plaintiff to negative treatment to which similarly-situated non-African-American male employees were not subjected, and/or treated similarly-situated non-African-American male employees in a more favorable manner.

34. The Defendant, by and through its agents, subjected the Plaintiff to adverse employment actions (including termination of employment for pretextual reasons) as a direct result of her race (African-American) and gender (female).

35. The Defendant terminated the Plaintiff's employment because of her race (African-American) and her gender (female) and did not terminate the employment of similarly-situated non-African-American male employees.

36. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## Count II
## Title VII – Retaliation

37. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

38. The foregoing actions by the Defendant constitute unlawful retaliation against the Plaintiff because of her complaints of racial and gender discrimination.

39. The Defendant terminated the Plaintiff because of her son's complaints of racial discrimination and filing of an EEOC Complaint.

40. In acting as aforesaid, the Defendant subjected the Plaintiff to negative treatment to which other non-African-American employees were not subjected, including false discipline and termination for pretextual reasons.

41. As a result of the Defendant's unlawful retaliation as aforesaid, the Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## Count III
## Violations of 42 U.S.C. § 1981

42. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

43. At all times relevant herein, the Plaintiff maintained a contractual relationship with the Defendant (*i.e.*: an employment relationship).

44. At all times relevant herein, the Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of her race (African-American) and thereby deny her the benefits of the contractual relationship she had entered with

the Defendant by disciplining her for pretextual reasons, subjecting her to harassment as a result of her race, and terminating her employment for pretextual reasons.

45. The Plaintiff has suffered damages as a direct result of the Defendant's unlawful actions as aforesaid.

WHEREFORE, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*

## Count IV
## PHRA

46. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

47. The foregoing actions by the Defendant constitute unlawful race and gender discrimination, in violation of the PHRA, 43 Pa.C.S.A. § 951, *et seq.*

48. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered damages as set forth herein.

WHEREFORE, the Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra.*

### *Ad Damnum* Clause/Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court enter judgment in her favor and against the Defendant and that it enter an Order as follows:

   a. The Defendant is to be permanently enjoined from engaging in discrimination against the Plaintiff on the basis of race, gender or any other basis prohibited under applicable law;

   b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting racial discrimination and retaliation in the

workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees based on their race or gender, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendant's actions;

f. The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish the Defendant for its willful, deliberate, malicious and outrageous conduct and to deter the Defendant or other employers from engaging in such misconduct in the future;

g. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j. The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

KOLMAN ELY, P.C.

By: /s/ Timothy M. Kolman, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Adam C. Lease, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA  19047
(215) 750-3134

February 28, 2011