```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ROBIN TASCO, | : | CIVIL ACTION |
| | : | NO. 11-1393 |
|     Plaintiff, | : | |
| v. | : | |
| INTERNATIONAL BROTHERHOOD OF | : | |
| ELECTRICAL WORKERS, LOCAL #98 | : | |
|     Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            FEBRUARY 8, 2013

      Robin Tasco ("Plaintiff") brings this action against her former employer, the International Brotherhood of Electrical Workers, Local No. 98 ("Defendant"), for unlawful gender and race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963. Plaintiff filed her complaint on February 28, 2011, and her amended complaint on June 6, 2011. See Compl., ECF No. 1; Am. Compl., ECF No. 7. Defendant moves for summary judgment. This motion is now ripe for disposition.

## I.   BACKGROUND[1]

Plaintiff is an African American female. Am. Compl. ¶ 16. She was employed by Defendant, as a business agent, from February 2001 until March 2009. Id. ¶ 17. Plaintiff's son, Frank Clark, was also employed by Defendant. Id. ¶ 18. Mr. Clark applied for an apprenticeship program and was rejected for allegedly failing an exam. Id. ¶ 19. Mr. Clark was fired shortly afterwards. Id. ¶ 20. He filed an EEOC complaint for race discrimination in or about July 2008. Id. ¶ 21. The complaint was sent to Defendant's Business Manager, John Dougherty. Id. ¶ 22. Upon receiving the complaint, according to Plaintiff, Mr. Dougherty "indicated to [her] that he would retaliate against anyone and everyone who 'does this to me' (meaning file a complaint) and stated that he could not 'have them on my team.'" Id. ¶ 23.

Plaintiff alleges that as a direct consequence of her son's EEOC complaint, her employment as a business agent with Defendant was terminated. Id. ¶ 24. She claims that though Defendant's proffered reason for her layoff was an economic downturn, this was only pretextual. Id. ¶¶ 25, 29. In Plaintiff's complaint, she states that she was "the only

---

[1]   At this stage in the proceeding, the Court views the facts in the light most favorable to Plaintiff and draws all reasonable inferences in Plaintiff's favor.

business agent singled out for the so-called 'layoff.'" Id. ¶ 26.

On or about April 13, 2009, Plaintiff filed a charge of discrimination against Defendant with the EEOC. Id. ¶ 13(a). The charge was cross filed with the Pennsylvania Human Relations Commission. Id. ¶ 13(b). The EEOC issued a Notice of the Right to Sue on June 2, 2010. Id. ¶ 13(c). Plaintiff now brings the following four counts against Defendant:

> Count I: Title VII Race/Gender Discrimination;
>
> Count II: Title VII Retaliation;
>
> Count III: Violation of 42 U.S.C. § 1981; and
>
> Count IV: Violation of the Pennsylvania Human Relations Act.

**II. LEGAL STANDARD: SUMMARY JUDGMENT**

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence

3

might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**III. DISCUSSION**

Defendant moves for summary judgment on all of Plaintiff's claims. Mot. Summ. J. 1. Below, the Court considers Plaintiff's discrimination claim and retaliation claim in turn.[2]

---

[2] Pennsylvania courts generally interpret the PHRA in accord with Title VII. See Gomez v. Allegheny Health Services, Inc., 71 F.3d 1079, 1083-84 (3d Cir. 1995). Section 1981 also requires the same elements of proof as Title VII and is subject to the same analysis. Brown v. J. Kaz, Inc., 581 F.3d 175, 181-182 (3d Cir. 2009). Accordingly, the Court's analysis regarding Plaintiff's Title VII claims equally applies to her Section 1981 and PHRA claims.

A.  Race and Gender Discrimination Under Title VII, the PHRA, and 42 U.S.C. § 1981

1.  Legal Standard

Plaintiff's claim of race and sex discrimination is subject to the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). In cases where Plaintiff relies on indirect evidence, Plaintiff carries the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 506 (1993). To establish a prima facie claim of discrimination under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference that the adverse action was taken because of her membership in the protected class. See <u>Makky v. Chertoff</u>, 541 F.3d 205, 214 (3d Cir. 2008).

Once the prima facie case has been established, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for its actions. See <u>McDonnell Douglas</u>, 411 U.S. at 802. If the defendant articulates a legitimate, nondiscriminatory reason for its actions, to defeat summary judgment, the plaintiff "must point to some

5

evidence, direct or circumstantial, from which a reasonable finder of fact could either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 331 (3d Cir. 1995) (citations omitted). "[T]he non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (citations omitted).

   2.   Analysis

Plaintiff first argues that she was terminated from her employment with Defendant as a result of her race and gender. Am. Compl. ¶¶ 30-36. Defendant responds that though Plaintiff has satisfactorily met the first three prongs of the test under McDonnell Douglas, Plaintiff has not shown that non-members of the protected class were treated more favorably. Def.'s Mot. Summ. J. 9. Defendant argues that seven other employees with the same title as Plaintiff, business representative, were also laid off. Id. at 9-10. It appears, however, that only three of the other layoffs occurred on the

6

same date as Plaintiff's; two occurred in 2008 and two occurred in 2011. Id. at 10. The three layoffs occurring on the same date as Plaintiff's layoff involved Caucasian males. Id. Defendant states that the layoffs occurred as a result of an economic downturn. Id. at 9-10. Under these circumstances, there is no evidence that persons outside the protected class were treated differently than Plaintiff.

Assuming that Plaintiff had satisfied the requirements of a prima facie case, her claim still fails. Plaintiff argues that Defendant's proffered reason for her discharge is pretextual and points to evidence that the three Caucasians fired on the same date as her have since been rehired by Defendant. Pl.'s Resp. to Mot. Summ. J. 7. She also points to Mr. Dougherty's testimony indicating that two new hires have been made to do "business representative work." Id. at 7 (citing Ex. A at 44:24; 45:1-13; and 45:14-16).

In her reply, Plaintiff does not specify when the three individuals fired at the same time as Plaintiff were subsequently rehired. According to the undisputed testimony of John Dougherty, however, it seems that at least one of the individuals was rehired only in February 2011.[3] Pl.'s Resp. to Mot. Summ. J. Ex. A, 20:9-17. This was nearly two years after he

---

[3] Neither Plaintiff nor Defendant provides evidence specifying when the other discharged employees were rehired.

7

was laid off. On this information alone, Plaintiff has not sufficiently demonstrated the weakness of Defendant's proffered reason for Plaintiff's employment termination. Plaintiff has essentially put forward an unsupported assertion that because Plaintiff was fired, it must have been because of her race and/or gender. For this reason, the Court will grant summary judgment in favor of Defendant with respect to Plaintiff's discrimination claims under Title VII, Section 1981, and the PHRA.

    B.    Retaliation Claim Under Title VII and the PHRA

        1.    Legal Standard

To establish a prima facie case of unlawful retaliation under Title VII, an individual must provide evidence to show (1) he engaged in protected activity; (2) Defendant took an adverse employment action against him; and (3) a causal connection between his participation in the protected activity and the adverse employment action.[4] E.g., Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).

---

[4] Upon establishing a prima facie case, the burden shifts, under the now-familiar McDonnell Douglas framework, to the defendant employer to advance a legitimate, non-retaliatory reason for its conduct. Moore, 461 F.3d at 342. If the employer successfully advances such a reason, the burden of persuasion is placed on the plaintiff to show the proffered explanation is false and a pretext for discrimination. Id. "To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions." Id.

8

The Third Circuit has recognized that a retaliation claim may be brought if an employee is terminated as a result of a perception (whether correct or not) that he or she has assisted a family member with a charge of discrimination. See Fogelman v. Mercy Hospital, 283 F.3d 561 (3d Cir. 2002). In Fogelman, the plaintiff's employer believed that he had assisted his father, a co-employee, with a discrimination complaint, and the Court held:

> [A]n employer's discharge of an employee for discriminatory reasons amounts to illegal retaliation even if it is based on the employer's mistaken belief that the employee engaged in protected activity. . . Accordingly, we hold that if [plaintiff] can show . . . that adverse action was taken against him because [the employer] thought that he was assisting his father and thereby engaged in protected activity, it does not matter whether [the] perception was factually correct.

Id. at 571-72.

2. Analysis

Plaintiff alleges that her employment was terminated because Defendant believed she had assisted her son in filing a discrimination charge against Defendant. Am. Compl. ¶¶ 37-40. She argues that this is evidenced by the fact that of the four employees fired at the same time as her, she was the only one to have not been rehired at a later date. Pl.'s Resp. to Def.'s Mot. Summ. J. 7.

Defendant contends that Plaintiff, in her response to

Defendant's motion for summary judgment, raises for the first time a new theory of liability: the failure to rehire. Defendant argues extensively that the Court should not consider Plaintiff's argument because the failure to rehire claim is separate and distinct from the original discharge claim proffered in Plaintiff's amended complaint. Def.'s Reply to Pl.'s Resp. 3. Defendant states that the Court has no jurisdiction over the claim because Plaintiff has failed to exhaust administrative remedies since the failure to rehire appears nowhere in her EEOC complaint. Id. at 6.

Defendant misinterprets Plaintiff's argument regarding Defendant's failure to rehire her. Viewing the facts in the light most favorable to Plaintiff, and drawing all reasonable inferences in her favor, it appears that the fact that she alone of the four business agents discharged by Defendant was not subsequently rehired is evidence from which a reasonable jury could (but need not) infer that the reason for her layoff was a pretext to mask the retaliation for her assistance to her son's EEOC complaint.[5] See Straughn v. Delta Air Lines, Inc., 250 F.3d

---

[5] Though the Third Circuit has not explicitly held that the rehiring of employees outside of the protected class may constitute evidence of pretext, it seems that this would be a logical extension of the Court's test for determining pretext. A plaintiff must show, "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of

23, 42 (1st Cir. 2001)("For present purposes, we shall assume, without deciding, that there may be circumstances in which the decision to rehire a discharged employee constitutes competent evidence of pretext, at least insofar as the rehiring plainly undermined the proffered justification for the original discharge."). For this reason, the Court will not treat Plaintiff's arguments concerning Defendant's failure to rehire as a new claim. Instead, the evidence will be viewed in light of Plaintiff's claim of retaliatory discharge.[6]

Therefore, Plaintiff has stated a claim of retaliation sufficient to withstand Defendant's motion for summary judgment. In its motion, Defendant argues that Plaintiff has not provided any evidence that there was a causal connection between her layoff and the filing of her son's EEOC complaint. Def.'s Mot. Summ. J. 14. In her deposition, Plaintiff stated that in July

---

credence.'" Fuentes, 32 F.3d at 765 (citations omitted). Courts outside of this Circuit have implied that an employer's subsequent rehiring decisions could shed light on the initial reasons for an employee's discharge. See Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 42 (1st Cir. 2001); Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 252 (8th Cir. 1995)(evidence of employee's competence, as demonstrated by employer's decision to rehire, would have constituted evidence of pretext had incompetence been the proffered ground for original discharge).

[6] Therefore, the Court need not consider Defendant's argument that Plaintiff has not established a prima facie case for failure to rehire, since it is not a separate claim. See Def.'s Reply to Pl.'s Resp. 7.

2008, shortly after her son filed his EEOC complaint, Mr. Dougherty called her into a meeting. Def.'s Mot. Summ. J. Ex. 1, Tasco Dep. 252:2-6, 252:9-13. At this meeting, Plaintiff alleges that Mr. Dougherty "held up the [complaint] to [her] and said have you seen this." Id. at 255:3-5. Plaintiff states that she told Mr. Dougherty that she had not seen it and that he then voiced his disappointment with her son's actions, noting "all that he had [done] for [her] son." Id. at 255:9-16. Shortly afterwards, at an agents meeting, Plaintiff alleges that Mr. Dougherty, "made some kind of remark about how he can't have people on his team going against him," and that "he wasn't going to have it." Id. at 256:7-14. Defendant argues that Mr. Dougherty never made such a statement, but instead merely advised his staff of the filing of the EEOC complaint, as he did with every other lawsuit or complaint filed against Local 98.

Defendant states that even if Mr. Dougherty actually made the statements Plaintiff alleges to have heard, "the timing of [] Plaintiff's layoff negates any reasonable finding of a link between her son's action and her layoff." Def.'s Mot. Summ. J. 16. Plaintiff was laid off in March 2009, eight months after Plaintiff's son filed his complaint and eight months after the comments Mr. Dougherty allegedly made indicating a retaliatory intent.

There is no set timeline in which a retaliatory event

12

must occur to establish a claim of retaliation. See Kachmar v. SunGard Data Systems, Inc., 109 F.3d 173, 178 (3d Cir. 1997)("[T]he absence of immediacy between cause and effect does not disprove causation."). The Third Circuit has held:

> It is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn. The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific.

Id. Here, the timeline of events must be viewed in the larger context of Defendant's alleged statements and actions. Viewing the facts in the most favorable to Plaintiff and considering Mr. Dougherty's statements, Plaintiff's subsequent layoff, and the rehiring of all of Plaintiff's colleagues who were laid off at the same time as Plaintiff, a reasonable jury could find that Defendant engaged in unlawful retaliation. Genuine and material factual disputes exist as to what Mr. Dougherty said to Plaintiff in July 2008 and what motivated Defendant's personnel decisions in the following years. For this reason, the Court will deny Defendant's motion for summary judgment with respect to Plaintiff's claim of retaliation.

## IV. CONCLUSION

The Court will grant in part and deny in part Defendant's motion for summary judgment for the aforementioned

13

reasons. Counts I and III of race/gender discrimination in violation of Title VII and Section 1981 will be dismissed in their entirety and Counts II and IV will proceed only with respect to Plaintiff's claim of unlawful retaliation. An appropriate order will follow.